RICHARD B. GOETZ (S.B. #115666)
rgoetz@omm.com
MATTHEW D. POWERS (S.B. #212682)
mpowers@omm.com
HANNAH Y. CHANOINE (*pro hac vice*)
hchanoine@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE BARBER, KI BURKE, and JOSEPH GREGORIO on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, MCNEIL-PPC, INC., JOHNSON & JOHNSON CONSUMER INC., and RANIR LLC,<br><br>Defendants. | Case No. 8:16-cv-1954-JLS-JCG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>HON. JOSEPHINE L. STATON<br><br>MAGISTRATE: HON. JAY C. GANDHI |

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs Melanie Barber, Ki Burke, and Joseph Gregorio and Defendants Johnson & Johnson, McNeil PPC, Inc., Johnson & Johnson Consumer Inc., and Ranir LLC as follows:

1. A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, non-public or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information or personal information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, trade secrets, financial, sales, and cost information; business plans, strategies, projections, or analyses; employee, independent contractor, and third-party compensation; contracts and other documents concerning compensation and employment; studies or analyses; product development materials, product

formulas, and product formulations; and business and marketing plans, sales plans, data and strategies. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: this pending federal law suit, *Melanie Barber et al. v. Johnson & Johnson et al.*, 8:16-cv-1954-JLS-JCG (C.D. Cal.).

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: non-public, confidential or proprietary financial, technical, commercial, or personal information, medical history or medical records (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their support staffs).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced as hard copy, electronically stored information, computer diskette, CD-ROM or otherwise or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action and who is not a current employee of, or consultant to, a Party or a direct competitor of a Party and who, at the time of retention, is not anticipated to become an employee of, or consultant to, a Party or a direct competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action, and employed to work as attorneys for that party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Privilege</u>: the attorney-client privilege, the work product protection, the common-interest privilege, and/or any other privilege, protection, or immunity recognized by law.

4

STIPULATED PROTECTIVE ORDER
8:16-CV-1954-JLS-JCG

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Nothing herein shall be construed to prevent any party from using or continuing to use any information that is in the public domain or that subsequently becomes a part of the public domain other than as a result of any act of such party or of disclosure in violation of this Order. Nothing herein shall be construed to prevent a party from using or continuing to use any documents or information known to it or used by it prior to the filing of this Order or that has come into a party's possession independently of disclosure and/or discovery in this Case, except in accordance with any pre-existing limits attached to those documents or information.

Nothing contained in this Order shall be construed to limit any party's rights to disclose Protected Material to any witness at a deposition or at trial who either

wrote (in whole or in part), received, or lawfully has or had rightful access to such information, except that such witness must execute the Acknowledgment and Agreement to Be Bound" (Exhibit A).

In addition, a witness may be shown any document that contains or reveals Confidential Information if the witness (a) is a 30(b)(6) witness testifying on behalf of the Producing Party, (b) is a present officer or director of the Producing Party with lawful or rightful access to such information of the Producing Party, (c) was an officer or director of the Producing Party at the time the document was sent and/or created, had lawful or rightful access to the document while an officer or director, and who has executed an "Acknowledgment and Agreement to Be Bound" (Exhibit A), (d) was an employee with lawful or rightful access to the information of the Producing Party at the time the document was sent and/or created and is not then-employed by a competitor of the Producing Party, or (e) was an employee of the Producing Party at the time the document was sent and/or created whose duties or position while with the Producing Party would have provided access to the type of Confidential Information at issue. Before any person listed in this section may be shown any document that contains or reveals Confidential Information, the witness must execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Nothing in this Order shall prevent a party from attempting to examine as witnesses, during depositions or at trial, persons not authorized to receive documents designated as Confidential Information, as identified herein, if the examination concerns a document that the witness previously had actual lawful access to or prior knowledge of as demonstrated by the document itself or by foundation testimony, so long as the witness executes the "Acknowledgment and Agreement to Be Bound" (Exhibit A). Nor shall this Order prevent counsel from examining a witness to determine whether he or she has prior knowledge of Confidential Information, so long as such examination shall be in a manner that

does not disclose the details of the designated documents. Any Confidential Information so used shall not lose its confidential status through such use and its confidentiality shall be protected in conformance with this Order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) <u>for testimony given in depositions</u>, that the Designating Party identify the confidential Disclosure or Discovery Material and testimony on the record, before the close of the deposition. The Designating Party shall thereafter make arrangements with the court reporter to bind the confidential portions of the testimony separately. When it appears that substantial portions of the testimony and exhibits may qualify for protection, the Designating Party may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 21 days from the date of receipt of the transcript to identify the specific portions of the testimony and exhibits as to which protection is sought. When this right has been invoked, the transcript shall be treated as Protected Material during the sooner of: (a) 21 days from the date of receipt of the transcript; or (b) the date that the specific portions of testimony and exhibits for which protection is sought have been designated as Protected Material and such designations have been served.

(c) <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Production or Failures to Designate</u>. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Promptly upon discovering its error, the Producing Party or person shall notify the receiving party in writing of the error, and within ten (10) days of receipt of notice the receiving party shall either (a) mark all copies of the specified materials with the appropriate legend, (b) destroy the unmarked copies, or (c) return the unmarked copies return them to the Producing Party or person for marking. If returned to the Producing Party for marking, the Producing Party shall return the marked copies to the receiving party within ten (10) business days. The Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the Provisions of this Order, to the extent the material has been used in any other document (e.g., a memorandum) before being re-designated.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. A Party wishing to challenge a Designating Party's confidentiality designation shall begin the process by conferring with counsel for the Designating Party. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3 <u>Judicial Intervention</u>. If the parties are unable to informally resolve a challenge to a particular designation, the challenging Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet-and-confer dialogue. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action, provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or employee of, or a consultant to, a competitor of Defendants, nor anticipated at the time of retention to become an officer, director, or employee of, or a consultant to, a competitor of Defendants; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of any competitor of Defendants; and (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign (i.e., outside the United States) jurisdiction (unless such material originated from or is produced from any such foreign jurisdiction; moreover, the Parties agree to meet and confer over potential alterations to this Protective Order as reasonably necessary to enable the parties to take testimony on technical matters in a foreign jurisdiction);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

        (i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

        (j) such other persons as the Designating Party may authorize in writing (and subject to any conditions at that time, such as requiring execution of the Acknowledgment and Agreement to Be Bound" (Exhibit A)); and

        (k)    named Plaintiffs.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

        (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

        (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

        (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated by the Non-Party or by any Party to this action as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and

expense of seeking protection in this Court of its Protected Material. Nothing in this Order shall prohibit a Party producing Protected Material of a Non-Party from asserting confidentiality for such Non-Party material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1. <u>Non Waiver</u>. Under the terms of Fed. R. Evid. 502(d), the production or disclosure of a document containing material subject to a claim of privilege shall not constitute a waiver, in this or any other proceeding, of any privilege applicable to that document or the material contained in that document.

11.2. <u>Claw Back</u>. A producing party may, at any time, demand that a receiving party return or destroy a document containing material subject to a good-faith claim of privilege. The demand shall be made in writing and shall identify the document to be returned or destroyed by Bates range whenever possible. Within fifteen calendar days, or such other time as the parties may agree or the Court may order, of receiving such a demand, a receiving party shall certify in writing that: (1) it has returned, destroyed, or otherwise sequestered all copies or versions of the documents requested to be returned or destroyed and that the receiving party shall

not attempt to examine, review, or use such documents without further order of the Court permitting such activity; and (2) the receiving party has deleted from its work product or other materials any information or material derived from the documents requested to be returned or destroyed. Within twenty calendar days, or such other time as the parties may agree or the Court may order, of receipt of the receiving party's certification, a producing party shall provide a privilege log for any documents demanded to be returned as well as redacted versions of any of those documents that contain both privileged and non-privileged information and placeholder images for documents containing exclusively privileged information.

11.3. <u>Limitations on Use of Clawed Back Documents Pending Court Ruling</u>. After receipt of the producing party's privilege log and a good faith effort to meet and confer, a receiving party may file a motion to compel production of a document demanded to be returned pursuant to paragraph 11.2 hereof. The motion shall not assert, as a basis for the desired relief, the fact that the material at issue was produced in the case. The motion shall not quote or paraphrase the substance of the document subject to the motion to compel beyond the description of the document contained in the privilege log entry for the document; however the motion may request that an *in camera* inspection be made of the document. Unless the motion is granted, a requesting party may not use any information contained in the document that has been clawed back for any purpose, unless that same information is available from a non-privileged source.

11.4. <u>Notification of Producing Party of the Production of Privileged Materials</u>. If a receiving party receives documents that it has reason to believe are subject to a good faith claim of privilege, the receiving party must refrain from examining the documents any more than is essential to ascertain if the materials are reasonably subject to a privilege claim. The receiving party shall promptly notify the producing party in writing that the receiving party possesses material that appears to be privileged or otherwise protected from disclosure.

## 12. MISCELLANEOUS

12.1 Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any

copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: October 6, 2017

RICHARD B. GOETZ
MATTHEW D. POWERS
HANNAH Y. CHANOINE
**O'MELVENY & MYERS LLP**

BY: /s/ Hannah H. Chanoine
      Hannah H. Chanoine

*Attorneys for Defendants*

**BURSOR & FISHER, P.A.**

BY: /s/ L. Timothy Fisher
      L. Timothy Fisher

L. Timothy Fisher (S.B. # 191626)
Joel D. Smith (S.B. # 244902)
Yeremey Krivoshey (S.B. # 295032)
1990 North California Blvd., Suite 940
Walnut Creek, California 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com
      jsmith@bursor.com
      ykrivoshey@bursor.com

**VOZZOLO LLC**
Antonio Vozzolo (*pro hac vice*)
345 Route 17 South
Upper Saddle River, New Jersey 07458
Phone: 201-630-8820
Fax: 201-604-8400
avozzolo@vozzolo.com

**REICH RADCLIFFE & HOOVER, LLP**
Marc G. Reich (S.B. # 159936)
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
Telephone: (949) 975-0512
Facsimile: (949) 975-0514
mgr@reichradcliffe.com

*Attorneys for Plaintiffs*

## ATTESTATION PURSUANT TO L.R. 5-4.3.4(a)(2)

I, Hannah Chanoine, attest that all signatories listed on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

          _____/s/ Hannah H. Chanoine_____
              Hannah H. Chanoine

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: \_\_October 10, 2017_____

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Melanie Barber et al. v. Johnson & Johnson et al.*, 8:16-cv-1954-JLS-JCG (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____
City and State where sworn and signed: _____

Printed name: _____

Signature: _____
_____